IN THE UNITED STATES DISTRICT COURT
FOR THE MIDDLE DISTRICT OF GEORGIA
MACON DIVISION

D'ANTONIOUS M. OWENS,

        Plaintiff

VS.

STEVE BENTON, *et al.*,

        Defendants

NO. 5:03-CV-410 (DF)

PROCEEDINGS UNDER 42 U.S.C. § 1983
BEFORE THE U. S. MAGISTRATE JUDGE

# RECOMMENDATION

Plaintiff D'ANTONIOUS M. OWENS is an inmate in the custody of the State of Georgia. He has sued defendants STEVE BENTON, WARDEN, LT. ANTHONY ROUSE, and SERGEANT KEITH WALKER alleging that the defendants violated his constitutional rights while he was incarcerated at Baldwin State Prison in Milledgeville, Georgia. Plaintiff alleges that the defendants were deliberately indifferent to his serious medical needs and used excessive force on him.

Specifically, plaintiff alleges that on August 15, 2001 he received injuries to his neck, head, back, and genital area after his bunk collapsed as he was trying to get in bed. Plaintiff claims that he received no treatment for these injuries. Plaintiff also alleges that on August 21, 2001, his injuries were causing him so much pain during count that he had to sit down. Plaintiff states that officer Johnson then yelled at him and told him to go in the hall. Once he was in the hall, plaintiff claims that defendants Rouse and Walker began assaulting him. According to plaintiff, defendant Benton witnessed the entire altercation.

Before the court is the defendants' **MOTION FOR SUMMARY JUDGMENT**. Tab #55. The motion is supported by a brief, affidavits, and deposition. The court advised the plaintiff of said motion and his duty to respond properly thereto. Tabs #58. The plaintiff has filed a response to the defendants' motion. Tabs #64 and #65. In entering this recommendation, the undersigned has carefully considered the defendants' motion and all attachments thereto, as well as the plaintiff's responses.

## LEGAL STANDARDS
### A. Summary Judgment

Rule 56 of the *Federal Rules of Civil Procedure* dealing with motions for summary judgment provides as follows:

> The motion shall be served at least 10 days before the time fixed for the hearing. The adverse party prior to the day of hearing may serve opposing affidavits. The judgment sought shall be rendered forthwith if the pleadings, depositions, answers to interrogatories, and admissions on file, together with the affidavits, if any, show that there is no genuine issue as to any material fact and that the moving party is entitled to a judgment as a matter of law. A summary judgment, interlocutory in character, may be rendered on the issue of liability alone although there is a genuine issue as to the amount of damages.

Summary judgment can only be granted if there are no genuine issues of material fact and if the moving party is entitled to judgment as a matter of law. *Fed.R.Civ.P. 56(c); Warrior Tombigbee Transportation Co. v. M/V Nan Fung*, 695 F.2d 1294, 1296 (11th Cir. 1983). While the evidence and all factual inferences therefrom must be viewed by the court in the light most favorable to the party opposing the motion, the party opposing the granting of the motion for summary judgment cannot rest on his pleadings to present an issue of fact but must make a response to the motion by filing affidavits, depositions, or otherwise in order to persuade the court that there are material facts present in the case which must be presented to a jury for resolution. *See Van T. Junkins & Assoc. v. U.S. Industries, Inc.*, 736 F.2d 656, 658 (11th Cir. 1984).

Specifically, the party seeking summary judgment bears the initial burden to demonstrate to the court the basis for its motion by identifying those portions of the pleadings, depositions, answers to interrogatories, and admissions which it believes show that there is an absence of any genuine issue of material fact. *Hairston v. The Gainesville Sun Publishing Co.*, 9 F.3d 913 (11th Cir.1998). In determining whether the moving party has met this burden, the court must review the evidence and all factual inferences drawn from this, in the light most favorable to the non-moving party. *Welch v. Celotex Corp.*, 951 F.2d 1235, 1237 (11th Cir. 1992).

If the moving party successfully meets this burden, the burden then shifts to the non-moving party to establish by going beyond the pleadings, that there are genuine issues of material fact to be resolved by a fact-finder. *Clark v. Coats & Clark, Inc.*, 929 F.2d 604, 608 (11th Cir. 1991). Genuine issues are those as to which the evidence is such that a reasonable jury could find for the non-movant. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 106 S.Ct. 2505, 2510, 91 L.Ed.2d 202 (1986).[1]

## DISCUSSION

### 1. Excessive Force

Plaintiff alleges that he was subjected to excessive force on August 21, 2001 when defendants Rouse and Walker began assaulting him after he could not stand for count. He also claims that defendant Benton witnessed this altercation.

The Eleventh Circuit has noted that to establish an Eighth Amendment violation a prisoner must prove that his injury was caused by an unnecessary and wanton infliction of pain. In such cases the core judicial inquiry is whether force was applied in a good-faith effort to maintain or restore discipline, or maliciously and sadistically to cause harm. Absence of serious injury alone is insufficient to dismiss a prisoner's Eighth Amendment claim. *Harris v. Chapman*, 97 F.3d 499, 505 (11th Cir. 1996).[2]

In the present case, the defendants have submitted affidavits in which they state that they have no recollection, nor is there any evidence, of any altercation with the plaintiff on August 21, 2001. Tab #56, Exhibits A, C, and D. Further, defendant Benton avers that had an altercation occurred, an Incident Report and a Use of Force Report would have been prepared. *Id*. at Exhibit A. Moreover, there is no record of any disciplinary reports for plaintiff for August 21, 2001.

In response to the defendants' motion, the plaintiff has provided no evidence to show that an altercation took place on August 21, 2001, between himself and the defendants. He merely continues to claim that an incident occurred. Such unsubstantiated claims are not enough to survive a properly supported summary judgment motion under 42 U.S.C. §1983. Therefore, the defendants are entitled to summary judgment on this claim.

---

[1]*See also Matsushita Elec. Indus. Co., Ltd. v. Zenith Radio Corp.*, 475 U.S. 574, 106 S.Ct. 1348, 1356, 89 L.Ed.2d 538 (1986) (the purpose of summary judgment is to pierce the pleadings and assess the proof in order to see whether there is a genuine need for trial); *Brown v. City of Clewiston*, 848 F.2d 1534, 1543 (11th Cir. 1988) (the question is whether the record as a whole could lead a rational trier of fact to find for the nonmovant).

[2]Analysis of an Eighth Amendment excessive force claim is contextual and requires that many factors be considered: the need for the application of force, the relationship between the need and the amount of force used, the threat reasonably perceived by the responsible official, and any efforts made to temper the severity of a forceful response. Only *de minimis* uses of force are beyond constitutional recognition. *Id*.

## 2. Deliberate Indifference

In *Estelle v. Gamble*, the Supreme Court held that "deliberate indifference to serious medical needs of prisoners constitutes the 'unnecessary and wanton infliction of pain' . . . proscribed by the Eighth Amendment." 429 U.S. 97, 97 S.Ct. 285, 50 L.Ed.2d 251, rehearing denied 429 U.S. 1066, 97 S.Ct. 798, 50 L.Ed.2d 785 (1976). However, the course of treatment is "a classic example of a matter for medical judgment." *Estelle*, 429 U.S. at 107.[3] A mere disagreement between a prisoner and prison officials as to diagnosis or treatment does not give rise to a constitutional violation. *Id*. at 106.

Delay in access to medical attention can violate the Eighth Amendment when it is tantamount to unnecessary and wanton infliction of pain. Cases stating a constitutional claim for immediate or emergency medical attention have concerned medical needs that are obvious even to lay persons because they involve life-threatening conditions or situations where it is apparent that delay would detrimentally exacerbate the medical problem. In contrast, delay or even denial of medical treatment for superficial, nonserious physical conditions does not violate the Eighth Amendment. The seriousness of an inmate's medical needs may be decided by reference to the effect of the delay in treatment.

---

[3] At most, a mere allegation of improper or untimely treatment, without more, states a claim of medical malpractice cognizable under state law. *Id. See also Howell v. Evans*, 922 F.2d 712, 719 (11th Cir. 1991) (vacated pursuant to settlement, 931 F.2d 711 (11th Cir. 1991), reinstated by unpublished order (June 24, 1991), cited in *Howell v. Burden*, 12 F.3d 190, 191 n.* (11th Cir. 1994)). Moreover, *Estelle* specifically states that the question of whether an x-ray or additional diagnostic techniques or forms of treatment are indicated are classic examples of matters for medical judgment and that medical malpractice does not become a constitutional violation merely because the patient is a prisoner. 97 S.Ct. at 292-93.

Where the delay results in an inmate's suffering a life-long handicap or permanent loss, the medical need is considered serious. An inmate who complains that delay in medical treatment rose to a constitutional violation must place <u>verifying medical evidence in the record</u> to establish the detrimental effect of delay in medical treatment to succeed. Further, the tolerable length of the delay in providing medical attention depends on the nature of the medical need and the reason for the delay. Consequently, delay in medical treatment must be interpreted in the context of the seriousness of the medical need, deciding whether the delay worsened the medical condition, and considering the reason for the delay. *Hill v. Dekalb R.Y.D.C.*, 40 F.3d 1176, (11th Cir.1994) (emphasis added).

In support of their motion for summary judgment, the defendants have submitted the plaintiff's medical records, and the affidavit of Dr. Akunwanne. The medical records and affidavit indicate that the defendants were not deliberately indifferent to plaintiff's serious medical needs.

On August 15, 2001 plaintiff was seen at the medical clinic for complaints of pain in the neck, back, right leg, and right shoulder. He stated that he had slipped and fallen while he was getting out of bed. Plaintiff was noted to be oriented person, place, and date, and there were no deformities noted to his right shoulder. However, he did have a limited range of motion in his extremities. Plaintiff was referred to O.P.C. to see specialists regarding possible neck, spine, or neurological injury. Tab # 56, Exhibit B, medical records p.1.

Plaintiff was admitted to Central State Hospital on August 16, 2001. He was seen by a neurologist who noted no neurological problems. It was also noted that plaintiff refused to get up and walk around his room. Lab work was requested and the results came back normal. The next day, plaintiff was observed to walk around his room without any difficulty. He was diagnosed with a painful right shoulder and hip. He was placed on Motrin 400 mg for five days and was told that if his pain persisted he should be seen in the orthopaedic clinic. He was then discharged in good condition. *Id*. at 2.

Plaintiff voiced no medical complaints during rounds on August 21, 2001 through August 27, 2001. *Id*. at 4.

Plaintiff was next seen in the medical clinic on August 21, 2001 with complaints of back pain. He claimed that he had been pushed by an officer. He also complained of pain in his scrotum and stated that he had clamps placed in his scrotum in 1991 due to lifting weights. No swelling or redness was noted in his testicles, groin, or lower back. A limited range of motion was detected. *Id*. at 5.

On August 27, 2001 it was noted that plaintiff was not is any acute distress. *Id*. at 6. The next day, plaintiff again went to medical for complaints of pain related to the fall from his bed. Analgesic balm and exercises were prescribed. *Id*. at 7.

Plaintiff was next seen in medical on August 31, 2001 again complaining of pain from his fall. No redness or swelling was noted in his back, legs, or neck. He would not try to touch his toes. He was instructed to continue his back exercises and to take Motrin. *Id*. at 8

X-rays of plaintiff's spine were taken on September 27, 2001. The cervical and lumbar spine both showed normal results and the vertebrae were well aligned and showed no evidence of fracture or any destructive bone disease. *Id*. at 13.

In response to the defendants' motion, the plaintiff has submitted nothing of substance to adequately rebut the defendants showing that he was provided with constitutionally adequate medical care. Significantly, plaintiff has failed to submit any medical evidence to supports his contention that his treatment fell below applicable medical standards and constitutionally adequate standards of care. He simply disagrees with the defendants treatment for his complaints of pain.

In the court's view, plaintiff OWENS has failed to establish the defendants' deliberate indifference to his medical needs, serious or otherwise. He has submitted no medical evidence to support his contention that the defendants were deliberately indifferent in treating his medical complaints. The record is replete with indications that treatment has been afforded the plaintiff on numerous occasions. Therefore, the defendant are entitled to summary judgment on this claim.

Accordingly, IT IS RECOMMENDED that the defendants' MOTION FOR SUMMARY JUDGMENT (Tab #55) be **GRANTED**. Pursuant to 28 U.S.C. §636(b)(1), the parties may serve and file written objections to this **RECOMMENDATION** with the district judge to whom this case is assigned, **WITHIN TEN (10) DAYS** after being served with a copy thereof.

SO RECOMMENDED, this 16th day of MAY, 2005.



CLAUDE W. HICKS, JR.
UNITED STATES MAGISTRATE JUDGE